OPINION
Appellant Harold James Froehlich, Jr. and appellee Patsy Marie Froehlich were married on November 23, 1963, and separated in 1996. The parties have five emancipated children, and one minor child.
Appellant filed a complaint for divorce on August 8, 1996. Appellee filed an answer and counter-claim on August 20, 1996. At the time of the divorce, appellant was fifty-six years of age, and self-employed, doing business as James Froehlich Trucking. Appellee was fifty-five years of age at the time of divorce, and was employed as a bus driver by the Dublin City Schools.
Following trial before a Magistrate in the Delaware County Common Pleas Court, the Magistrate issued a recommendation concerning custody of the minor child, division of property, spousal support, and child support. Both parties filed numerous objections to the report of the Magistrate. Following a hearing, the court slightly altered the decision of the Magistrate by awarding spousal support in the amount of $500 per month. The court also ordered an equalizing distribution of the property, payable by appellee to appellant in the amount of $500 per month.
Appellant assigns three errors on appeal:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ESTABLISHED A SPOUSAL SUPPORT AWARD FOR THE DEFENDANT-APPELLEE WITHOUT CONSIDERING ALL OF THE FACTORS SET FORTH IN OHIO REVISED CODE SECTION 3105.18 AND THE NEED OF THE DEFENDANT-APPELLEE.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO DIVIDE THE PARTIES' MARITAL ASSETS AND LIABILITIES IN AN EQUITABLE MANNER BECAUSE ITS AWARD TO THE PLAINTIFF-APPELLANT OF AN EQUALIZING DISTRIBUTION IS SPECULATIVE.
 III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO DIVIDE THE PARTIES' MARITAL ASSETS, INCLUDING BOTH THE REAL AND THE PERSONAL PROPERTY, AND THEIR LIABILITIES IN AN EQUITABLE MANNER.
Appellee assigns two Assignments of Error on Cross-appeal:
 I. THE COURT ERRED IN THE AMOUNT AND DURATION OF SPOUSAL SUPPORT ESTABLISHED.
 II. THE COURT ERRED IN THE DIVISION OF TANGIBLE PERSONAL PROPERTY AND EQUALIZING PAYMENTS.
We address the Assignments of Error on appeal first:
 I.
Appellant first argues that the court did not make sufficient Findings of Fact to support the award of spousal support. This claim is without merit. The Magistrate made extensive Findings of Fact concerning the statutory factors found in R.C. 3105.18. In lieu of recommending spousal support, the Magistrate offset appellee's claims to support against an equalizing distribution on the property division. Recognizing that R.C. 3105.171(C)(3) requires the court to provide for an equitable division of property prior to making any award of spousal support and without regard to spousal support, the court did not follow the Magistrate's recommendation concerning the offset of spousal support and the equalizing distribution of property. The court instead entered judgment including an equalizing distribution of property, and then awarded spousal support. The Findings of Fact of the Magistrate concerning spousal support were sufficient to support the court's judgment awarding spousal support in the amount of $500 per month.
Appellant next argues that there was insufficient evidence to support any award of spousal support. This claim is without merit. There was evidence that appellee earned approximately $19,000 per year as a school bus driver. There was also evidence that her physical condition threatened her employment, as she had allergies, knee problems, bursitis in her hands, and female incontinence problems. In addition, there was evidence that she had bumps on her legs, and would need teeth implants due to an automobile accident. The marriage was of long duration, and the parties enjoyed a much better standard of living than their reported income might indicate. There was evidence that appellant earned approximately $33,500 to $37,000 in his business on an annual basis. In addition, appellant at times made a profit purchasing, restoring, and selling homes. The court did not abuse its discretion in ordering child support in the amount of $500 per month, payable for sixty months.
The first Assignment of Error is overruled.
 II.
Appellant argues that the equalizing award of $23,574.14, payable from appellee to appellant in monthly installments of $500, was speculative. Appellant also argues that the court abused its discretion in failing to secure payment of the award by the marital residence, and by failing to award interest on the award.
The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore vs.Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3105.171(E)(1) allows the court to make a distributive award to effectuate an equal division of marital property. The statute further provides that the court may require the distributive award to be secured by a lien on specific marital property or separate property.
Appellant has not demonstrated that the court abused its discretion by failing to secure payment of the equalizing distribution with the marital residence. The monthly payments from appellee to appellant for the equalizing award are identical to the monthly spousal support payments due from appellant to appellee. Although appellant argues that she may fail to pay the $500 per month, the equalizing award is a valid judgment of the court, enforceable through a contempt proceeding. Further, in the event appellee fails to pay, appellant can petition the court to reduce the payments due to a lump sum judgment, upon which interest could be awarded.
Appellant has not demonstrated abuse of discretion.
The second Assignment of Error is overruled.
 III.
Appellant argues that the court abused its discretion on the property division in numerous ways. Specifically, appellant argues that the court erred in awarding the Kentucky bankruptcy stocks, which were in the parties' son's bankruptcy estate, to appellant, as he has little chance of recovery. Appellant argues that the court erred in awarding appellee the marital residence outright. Appellant argues that the court erred in offsetting the parties' pension plans. Appellant argues that the court failed to include all the marital debt in the estate, and did not credit appellant for payments made. Appellant argues that the court erred in awarding $10,000 to equalize the division of personal property, as the number was arbitrary. Appellant also argues that the court erred in its valuation of the loan on his truck.
The record reflects that the parties disputed the value of virtually every item in their possession, and disputed who was, in fact, in possession of numerous items. As a result, the Magistrate and the court were required to value and settle disputes concerning numerous inconsequential household items, such as a basket of artificial flowers, Barbie dolls, a dancing cat music box, and a bottle of perfume under the Christmas tree. In addition to disputes concerning the small items of personal property, the parties further disputed the value and ownership of virtually every more valuable item of property. The court's decision concerning what value to place on objects, and in whose possession the objects actually ended up, was subject almost entirely to the court's decisions with respect to credibility of witnesses, which cannot be disturbed by this court on appeal. The court ultimately divided the property equally to the penny, awarding each party property in the amount of $148,642.67. Even considering the errors which appellant now claims were made by the court in the property award, the division would still be roughly equal. Appellant has not demonstrated an abuse of discretion.
The third Assignment of Error is overruled.
We next address the Assignments of Error on Cross-appeal.
 Cross-Appeal I.
Appellee argues that the court erred in failing to award her more spousal support and for a longer period of time. As noted in Assignment of Error I. above, the court did not abuse its discretion in awarding spousal support in the amount of $500 per month.
The first Assignment of Error on Cross-appeal is overruled.
 Cross-appeal II.
Appellee argues that the court erred in the division of property. She argues that the court determined that she had certain items of personal property in her possession, although she testified that she did not possess such items. Appellee argues that the court erred in awarding appellant his business, but finding no value in it above and beyond the value of the truck. Appellee argues that the court should have required appellant to account for $45,000 in cash, which she claimed was in the house when she moved out. She argues that the court erred in awarding her an IRA, which she had to use for expenses during the pendency of the divorce.
As discussed in Assignment of Error III. above, the court's decision concerning the division of property was subject almost entirely to credibility determinations which may not be disturbed by this court on appeal. The court did not abuse its discretion, as it appears from the record that the court equitably divided the property.
The second Assignment of Error on Cross-appeal is overruled.
The judgment of the Delaware County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed. Costs to be divided equally between appellant and appellee.